JEREMY PASTERNAK, BAR NO. 181618
jdp@pasternaklaw.com
DEANNA L. MAXFIELD, BAR NO. 291913
dm@pasternaklaw.com
LAW OFFICES OF JEREMY PASTERNAK
354 Pine Street, Fifth Floor
San Francisco, CA 94104
Telephone:    415.693.0300
Fax No.:      415.693.0393

Attorneys for Plaintiff
THOMAS ROLL

KARA L. JASSY, BAR NO. 198846
kjassy@littler.com
LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, California  90071
Telephone:    213.443.4300
Fax No.:      213.443.4299

Attorneys for Defendants
WAL-MART ASSOCIATES, INC. and
WALMART INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ROLL, an individual, | Case No. 2:21-CV-01927-WBS-DNC |
| Plaintiff, | **JOINT STIPULATION TO MODIFY THE SCHEDULING ORDER; ORDER** |
| v. | |
| WAL-MART ASSOCIATES, INC., a Delaware Corporation, WALMART INC., a Delaware Corporation, and Does 1-20, inclusive, | Complaint Filed: September 16, 2021<br>Trial Date:       September 12, 2023 |
| Defendants. | |

Plaintiff THOMAS ROLL ("Plaintiff") and Defendants WAL-MART ASSOCIATES, INC. and WALMART INC.. ("Defendants" or "Wal-Mart") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree and respectfully stipulate as follows:

1  **WHEREAS**, Plaintiff filed his Complaint on September 16, 2021 in Tehama County Superior Court. Thereafter, Defendant timely removed this Action to this Court on October 15, 2021;

**WHEREAS,** on February 24, 2022, this Court vacated the initial Case Management Conference and in light of the Parties' Joint statement, adopted the following Scheduling Order:

| | |
|---|---|
| Last Day to Designate Experts | December 30, 2022 |
| Close of Fact Discovery | February 28, 2023 |
| Dispositive Motion Deadline | May 1, 2023 |
| Final Pretrial Conference | July 17, 2023 |
| Jury Trial | September 12, 2023 |

**WHEREAS,** immediately thereafter, the Parties propounded and responded to written discovery requests, and engaged in informal settlement discussions. The Parties have yet to take depositions and exhaust written discovery efforts, but have made headway toward a resolution, and have agreed to submit this matter to private mediation before mediator Laurie Quigley Saldana on April 5, 2023;

**WHEREAS**, however, quickly approaching deadlines, including the discovery cut off and dispositive motion deadline, are hindering the Parties' ability to submit to mediation and negotiate a reasonable settlement without incurring the time and costs in preparing a dispositive motion and retaining expert witnesses for trial.

**WHEREAS,** the Parties agree that a 180-day continuance of the Court's current Scheduling Order is necessary to allow the Parties to engage in meaningful settlement discussions in an effort to finally resolve this matter without need for Defendant to file, and Plaintiff to oppose Defendant's summary judgment motion, as well as prepare for trial, should this matter not be summarily dismissed.

**WHEREAS**, good cause exists to modify the Court's scheduling Order as follows:

The district court is given broad discretion in supervising the pretrial phase of litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "A schedule may be modified only for good cause and with the judge's

consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing summary judgment motion after pretrial motion cut-off date).

To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson, supra,* 975 F.2d at 609; see e.g., *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became apparent that compliance with the scheduling order was not possible). In determining "good cause," courts also consider the importance of the requested modification, the potential prejudice in allowing the modification, and, conversely, whether denial of the requested modification would result in prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings).

Here, good cause exists for a modification of the Court's scheduling order given the Parties' inability to complete necessary discovery within the current Scheduling Order's timetable, and further engage in final, meaningful settlement discussions without the need to spend any unnecessary time and money moving for/opposing summary judgment and otherwise retaining experts and preparing for trial. Given the current time constraints of the current Scheduling Order, the Parties will need a reasonable continuance to allow the Parties time to engage in mediation to continue good faith settlement negotiation efforts and potentially negate the need for a dispositive motion and/or trial.

**THEREFORE, upon good cause shown**, the Parties stipulate to modify and continue the Scheduling Order out by a minimum of 180 days so as to allow the Parties additional time to allow the Parties time to engage in private mediation and potentially negate the need for a dispositive motion and/or trial. Accordingly, the Parties propose the following modified scheduling order:

| | |
|---|---|
| Last Day to Designate Experts | June 28, 2023 |
| Close of Fact Discovery | August 28, 2023 |
| Dispositive Motion Deadline | October 30, 2023 |
| Final Pretrial Conference | January 22, 2024 |

| | | |
|---|---|---|
| 1 | Jury Trial | March 12, 2024 |
| 2 | IT IS SO STIPULATED. | |

Dated:  January 19, 2023            LITTLER MENDELSON, P.C.


By:   /s/*Nathaniel H. Jenkins*
      Kara L. Jassy
      Nathaniel H. Jenkins
      Attorneys for Defendants
      WAL-MART ASSOCIATES, INC.  AND
      WALMART INC

Dated: January 19, 2023            LAW OFFICES OF JEREMY PASTERNAK


By: /s/ *Deanna Maxfield (as approved on 1/19/23)*
     Jeremy Pasternak
     Deanna L. Maxfield
     Attorneys for Plaintiff
     THOMAS ROLL

**ATTESTATION OF FILER**

I, NATHANIEL H. JENKINS, attest that concurrence in the filing of this document has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document.

Signed this 19th day of January, 2023.


       */s/Nathaniel H. Jenkins*
      NATHANIEL H. JENKINS

# **ORDER**

**PURSUANT TO STIPULATION, and upon good cause shown**, the Court sets forth the following modified Scheduling Order:

| | |
|---|---|
| Last Day to Designate Experts | June 28, 2023 |
| Close of Fact Discovery | August 28, 2023 |
| Dispositive Motion Deadline | October 30, 2023 |
| Final Pretrial Conference | **January 29, 2024 at 1:30 p.m.** |
| Jury Trial | **March 12, 2024 at 9:00 a.m.** |

Dated:  January 20, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4864-1793-8763.1 / 080000-4217